# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS J. STEINER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 1:17-cv-00359-LJO-SAB <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND VACATING SEPTEMBER 13, 2017 HEARING <br><br> (ECF No. 4) |

Currently before the Court is Plaintiff's motion for leave to file an amended complaint which is set for hearing on September 13, 2017.

Pursuant to the Local Rules of the United States District Court, Eastern District of California, Defendant's opposition to the motion for leave to file an amended complaint was due on August 30, 2017. L.R. 230(c). Defendant did not file a timely opposition to the motion or a statement of non-opposition. The Local Rule provides that a party who fails to file a timely opposition is not entitled to be heard in opposition to the motion at oral argument. L.R. 230(c). Accordingly, the hearing set for September 13, 2017, shall be vacated; and the parties are not required to appear on that date.

/ / /

/ / /

1

# I.

# PROCEDURAL HISTORY

On March 10, 2017, Plaintiff Louis Steiner ("Plaintiff") filed this action against the United States of America ("Defendant") to recover allegedly erroneously collected penalties. (ECF No. 1.) Defendant filed an answer on May 26, 2017. (ECF No. 9.) On July 12, 2017, the scheduling order in this action issued. (ECF No. 12.) Pursuant to the scheduling order, the date to file amendments to the pleadings is August 10, 2017. (ECF No. 12 at 2.)

On August 9, 2017, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 13.)

# II.

# LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, federal courts are to apply this policy with extreme liberality. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052.

# III.

# DISCUSSION

In his complaint, Plaintiff alleged that penalties in the amount of $208,002.55 were erroneously assessed against him. In the current motion, Plaintiff asserts that the amount alleged

in the complaint is the entire penalty paid and not the amount that is being sought as a refund for overpayment of the penalties. Plaintiff is seeking leave to file an amended complaint to correct the amount of the the alleged overpayment.

Here, Plaintiff's complaint originally sought the entire amount of the penalty collected and he seeks to amend the complaint to allege only the amount of the alleged over collection. Since Plaintiff wants to amend his complaint to correct the amount sought to the lower amount of the alleged over collection, the Court finds that Defendant will suffer no prejudice by allowing amendment of the complaint.

Plaintiff asserts that he discovered the error in the amount sought in the complaint during the Rule 26 conference and moved promptly for leave to amend the complaint. Further, Plaintiff has sought leave to amend prior to the deadline to file a motion to amend established by the July 12, 2017 scheduling order. The Court finds that Plaintiff has acted in good faith and without undue delay in bringing the current motion.

Plaintiff has not previously amended his complaint and amendment in this instance is not futile.

Given the liberal interpretation of Rule 15 and considering the factors to be evaluated in determining whether amendment should be allowed, the Court finds that justice requires that Plaintiff be permitted to file an amended complaint.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing set for September 13, 2017, at 10:00 a.m. in Courtroom 9 is VACATED;

2. Plaintiff's motion for leave to file an amended complaint, filed August 9, 2017, is GRANTED;

3. Plaintiff shall file his amended complaint within two (2) days of the entry of this order; and

///

4. Defendant shall file a responsive pleading within ten (10) days of service of the amended complaint.

IT IS SO ORDERED.

Dated:  **August 31, 2017**

_____
UNITED STATES MAGISTRATE JUDGE

4